UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPITOL RECORDS, INC., ET AL.,

    PLAINTIFFS,

v.                                                  CASE NO. 06-15196

JEFFREY MOORE,                      HONORABLE SEAN F. COX

    DEFENDANT.

_____/

## OPINION & ORDER GRANTING
## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs filed this copyright infringement suit against Defendant Jeffrey Moore ("Moore" or "Defendant") on November 21, 2006, seeking monetary damages and injunctive relief against Moore for illegally downloading, on the internet, several sound recordings copyrighted by Plaintiffs. The matter is currently before the Court on Plaintiffs' motion seeking a default judgment consisting of monetary damages, costs and injunctive relief. A hearing was held on February 15, 2007. For the reasons below, Plaintiffs' motion shall be **GRANTED**.

BACKGROUND

On November 21, 2006, Capital Records, Inc., Virgin Records America, Inc., Interscope Records, Sony BMG Music Entertainment, and BMG Music (collectively "Plaintiffs") filed this copyright infringement act pursuant to 17 U.S.C. §101 *et seq.* Plaintiffs' complaint contains only one count, titled "Infringement of Copyrights" (Count I), wherein Plaintiffs allege that they are the copyright owners or licensees of exclusive rights under United States copyright with respect to certain sound recordings.

1

The complaint asserts that the sound recordings include, but are not limited to, 5 recordings that are identified in Exhibit A to the complaint. The complaint further alleges that "[i]n addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B [to the complaint] which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights." (Compl. at 3).

In terms of relief requested, Plaintiffs request an injunction enjoining Moore from infringing Plaintiffs' rights with respect to "the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)." (Compl. at 5). Plaintiffs further request that the injunction require Moore to destroy all copies of Plaintiffs' Recordings that he has downloaded onto any computer hard drive or server without Plaintiffs' authorization and destroy "all copies of those downloaded recordings transferred onto any physical medium or device in [Moore's] possession, custody or control." (*Id*. at 5-6).

The complaint also seeks "statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. §504," "Plaintiffs' costs in this action," and "Plaintiffs' reasonable attorneys' fees" incurred in this action. (*Id*. at 6).

A Return of Service, filed with the Court on December 18, 2006, indicates that Moore was personally served with a copy of the complaint and summons on December 3, 2006. On January 11, 2007, the Court Clerk issued an entry of default in this matter after Moore failed to appear or otherwise respond to the complaint in this matter.

On January 12, 2007, Plaintiffs filed an "Application for Entry of Default Judgment By The Court," in which Plaintiffs requested that the Court enter a default judgment in favor of Plaintiffs and against Defendant that: 1) awards statutory damages and costs, and 2) also provides injunctive relief. FED. R. CIV. P. 55 (b) provides that when a plaintiff's claim against a defendant is for a sum certain, upon the request of the plaintiff, the clerk shall enter judgment. In all other cases, such as where a complaint seeks injunctive relief, the party shall apply to the Court for the requested judgment. *Id.* Although Plaintiffs' Application for Entry of Default requested that *the Court* enter a default judgment, and requested that the default judgment award injunctive relief, on January 12, 2007, the Court Clerk inadvertently entered a "Clerk's Entry of Judgment by Default" [Docket Entry No. 8].

Accordingly, in an Order dated January 16, 2007, this Court struck the "Clerk's Entry of Judgment by Default," and set the motion for hearing on February 15, 2007. That Order further ordered that Plaintiffs must serve a copy of the January 16, 2007 Order on Moore.

Moore appeared for the February 15, 2007 hearing, but had no substantive response to Plaintiffs' Motion for Default Judgment.

ANALYSIS

Plaintiffs' motion seeking a default judgment correctly asserts that following the Clerk's Entry of Default, the truth of the allegations of the complaint are established as true. Thus, it is established that Moore directly infringed the five copyrights at issue in the complaint. Plaintiffs contend that they are entitled to a default judgment that includes: 1) monetary damages in the amount of the statutory minimum provided under the Copyright Act; 2) costs in the amount of $420; and 3) injunctive relief.

A.       Monetary Damages.

Under the Copyright Act, an infringer of copyright is liable for either: 1) the copyright owner's actual damages and any additional profits of the infringer; or 2) "statutory damages as provided under subsection (c)." 17 U.S.C. §504(a). Subsection (c) provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work," in "a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. §504(c).

Here, Plaintiffs request a judgment that would award Plaintiffs the minimum statutory damages of $750 for each of the five works identified in the complaint, for a total of $3,750. The Court concludes that Plaintiffs are entitled to such statutory damages.

B.       Costs.

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505.

Here, Plaintiffs seek costs of only $420. In support of their request, Plaintiffs submit the Declaration of attorney Jason Gourley. Mr. Gourley asserts that "Plaintiffs have incurred costs in this case in the amount of $420.00." The Court concludes that Plaintiffs are entitled to the full amount of the costs sought.

C.       Injunctive Relief.

Rule 65 requires that an injunction shall be "specific in its terms" and shall "describe in

reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." FED. R. CIV. P. 65(d).

Plaintiffs submitted a proposed Default Judgment, which contains the following language regarding an injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
>
> - 'Atomic Dog,' on album 'Computer Games,' by artist 'George Clinton' (SR#43-549);
> - 'I Get Lonely,' on album 'The Velvet Rope,' by artist 'Janet Jackson' (SR#261-516);
> - 'Down Bottom,' on album 'Ryde Or Die Compilation Volume 1,' by artist 'Ruff Ryders' (SR#179-239);
> - 'Bills, Bills, Bills,' on album 'The Writing's on the Wall,' by artist 'Destiny's Child' (SR#268-936);
> - 'Rain,' on album 'Release Some Tension,' by artist "SWV" (SR# 249-300);
>
> and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant shall also destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Proposed Default Judgment).

The Court concludes that the above language is specific and detailed enough to satisfy Rule 65(d). In addition, although the injunction requested extends to future works, the Sixth Circuit has ruled that injunctive relief can extend to future works. *Princeton Univ. Press v.*

5

*Michigan Document Svs, Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996)("[D]efendants argued that the district court exceeded its powers by enjoining them from reproduction of future copyrighted works. We do not find the argument persuasive. The weight of authority supports the extension of injunctive relief to future works.") Accordingly, the Court shall grant the requested injunctive relief.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**. A Default Judgment consistent with this Opinion & Order shall issue forthwith.

**IT IS SO ORDERED.**

                          S/Sean F. Cox
                          Sean F. Cox
                          United States District Judge

Dated: February 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2007, by electronic and/or ordinary mail.

                          S/Jennifer Hernandez
                          Case Manager